# GEORGE SOMMERS
ATTORNEY AT LAW

51 NEWARK STREET
SUITE 309
HOBOKEN, NEW JERSEY 07030
(201) 656-6575

110 WALL STREET
ELEVENTH FLOOR
NEW YORK, NEW YORK 10005
(212) 709-8389

January 7, 2014

By Fax (212-805-7941; 5 pages)
The Honorable Loretta A. Preska
Chief Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2200
New York, New York 10007

Re: Vaad L'Hafotzas Sichos, Inc. et al. v. Krinsky et al.
   13 Misc. 0407
   Civil Action No. 11-5658 (FB)(JO)

Dear Judge Preska,

   I represent Rabbi Nachman Schapiro on the referenced matter.

   This letter addresses two issues.

I

   Please find attached a copy of my cover letter of today's date to Jonathan A. Auerbach, Esq., forwarding a copy of all documents within Rabbi Schapiro's possession, custody or control that are responsive to the subpoena sub judice, as well as, Rabbi Schapiro's Affirmation to that effect.

   In the cover letter, I respectfully request that Mr. Auerbach's firm withdraw the referenced matter. If they refuse, then I respectfully request that they agree to an "extension of time for Rabbi Schapiro" to respond as was promised in his letter to Your Honor yesterday.

II

   I wish to correct some misstatements in Mr. Auerbach's letter of January 6th to your Honor.

   1. Rabbi Schapiro did not testify that he had wilfully failed to search for documents responsive to the subpoena. Contra January 6, 2014 Letter from Mr. Auerbach to Your Honor at page 1. In fact, he testified that he had searched for responsive documents. See Exhibit 7 to the December 6, 2013 Declaration of Mr. Auerbach: Transcript of the Videotaped Deposition of Nachman Schapiro at page 2.

[24]

2. On January 2, 2014, I proposed that Mr. Auerbach consent to January 30, 2014, as the new deadline for Rabbi Schapiro to submit opposition papers to the referenced matter. I told him that the Rabbi intended to provide him a copy of all responsive documents, along with an affirmation to that effect, and my hope was that this would conclude the matter, so that the referenced matter would become moot. On January 3, 2014, he refused. I then proposed two weeks to submit opposition papers. He refused. I then proposed one week to submit opposition papers. He refused. He never mentioned any time constraints imposed by the Eastern District of New York action.

Respectfully submitted,

George Sommers

cc: Jonathan A. Auerbach, Esq. (212-355-3333)(by fax)
GS/as

# GEORGE SOMMERS

ATTORNEY AT LAW

51 NEWARK STREET
SUITE 309
HOBOKEN, NEW JERSEY 07030
(201) 656-6575

110 WALL STREET
ELEVENTH FLOOR
NEW YORK, NEW YORK 10005
(212) 709-8389

January 7, 2014

By Fax (212-355-3333; 3 pages)
By Express Mail
Jonathan A. Auerbach, Esq.
Goodwin Proctor LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018

Re: Vaad L'Hafotzas Sichos, Inc. et al. v. Krinsky et al.
    13 Misc. 0407
    Civil Action No. 11-5658 (FB)(JO)

Dear Mr. Auerbach,

This letter follows up on our telephone conversations of January 2, 2014 and January 3, 2014.

As we discussed, please find enclosed a copy of all documents within Rabbi Nachman's Schapiro's possession, custody or control that are responsive to your firm's subpoena, as well as, Rabbi Schapiro's Affirmation to that effect.

I respectfully request that your clients withdraw the referenced matter.

If your clients do not withdraw the referenced matter, then please call me to discuss an "extension of time for Rabbi Schapiro 's response to the motion" as you promised in your letter of January 6, 2014 to the Honorable Loretta A. Preska (at page one).

Please be advised that if you do not withdraw the referenced matter, then my client will seriously consider seeking sanctions and attorney fees. First, during his deposition, Rabbi Schapiro was quite clear that he would continue to look for responsive documents. Second, after his deposition your firm did not contact the Rabbi as to the status of his search, but jumped the mark, and filed the motion to compel. Third, I respectfully submit that the motion papers that were filed, as well as, your letter of January 6th to the Court, were disingenuous at best in their characterization of the Rabbi's deposition. Fourth, you never provided the Rabbi with a copy of the protective order, so that he would have some assurance as to the confidentiality of any documents he produced. Even the copy of the protective order that I received that was attached to the motion papers lacked the notation at the top of the page identifying the proposed protective order as having been "so ordered" by the Court.

ADMITTED TO PRACTICE LAW IN NEW JERSEY AND NEW YORK

In summary, the Rabbi never harbored any intent not to comply with the subpoena. Had your firm simply contacted him after his November deposition, instead of rushing to file the motion to compel, than matters could have been amicably resolved. Be that as it may, you now have the all documents within the Rabbi's possession, custody or control that are responsive to the subpoena. I respectfully request that you withdraw the referenced matter.

Best regards.

Yours truly,

George Sommers

[all enclosures by Express Mail]
(only Rabbi Nachman Schapiro's Affirmation by fax)
cc: The Honorable Loretta A. Preska (by fax) (with Rabbi Nachman Schapiro's Affirmation)
GS/as

## AFFIRMATION OF RABBI NACHMAN SCHAPIRO

STATE OF NEW JERSEY   )
                      ).:
COUNTY OF HUDSON      )

RABBI NACHMAN SCHAPIRO, hereby affirms and certifies under penalty of perjury,

(1) Attached as Exhibit A is a true and correct copy of the subpoena that is attached as Exhibit 6 to the Declaration of Jonathan A. Auerbach, Esq., dated December 6, 2013 (including Schedule A to the subpoena).

(2) Attached as Exhibit B is a true and correct copy of documents numbered 1 through 93.

(3) To the best of my knowledge, information and belief, the documents attached as Exhibit B, numbered 1 through 93, are all documents within my possession, custody or control that are responsive to the subpoena attached as Exhibit A.

(4) There is one and only one exception to paragraph (3). I have not attached copies of documents that are publicly available on the internet, referred to as mementos.

_Rabbi Nachman Schapiro_
Rabbi Nachman Schapiro

Affirmed to and Subscribed to Before Me
On this 7th Day of January of 2014

_George Sommers, Esq._
George Sommers, Esq.
An Attorney-at-Law in the State of New Jersey